## NELSON, Respondent v. SUTTON, Appellant.

### (173 N. W. 158).

(File No. 4550. Opinion filed June 24, 1919).

1. **Pleadings—Breach of Promise, Recovery For—Complaint, Mutual Promise, "On Request Defendant Promised," Inference of Plaintiff's Assent, From.**

    A complaint alleging that, in consideration that she would marry defendant on request, he promised and agreed to marry plaintiff, alleges a mutual promise; the pleading clearly signifying that plaintiff affirmatively assented to and accepted the promise; the consideration for defendant's promise being that plaintiff "would marry him" inherently implies mutual consent and agreement.

2. **Pleadings—Breach of Promise—Demand of Performance, Defendant's Marriage to Another, Effect, re Demand.**

    The allegation, in a complaint for breach of promise of marriage, that defendant has married another person, relieved plaintiff from alleging a request or demand on her part that defendant perform the promise; since such demand would have been futile.

Appeal from Circuit Court, Deuel County. Hon. WILLIAM N. SKINNER, Judge.

Action by Bernice Nelson, against R. E. Sutton, for damages for breach of promise of marriage. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Sherin & Sherin,* for Appellant.

*W. W. Knight,* for Respondent.

(1) To point one of the opinion, Appellant cited:

3 Ency. Plea. & Prac., page 686; Felger v. Etzell, 75 Ind. 417.

Respondent cited:

9 C. J. Sec. 44, p. 344.

(2) To point two, Respondent cited:

9 C. J. Sec. 48, p. 345.

McCOY, J. This action was instituted to recover damages for alleged breach of promise of marriage. In substance plaintiff alleged that on December 24, 1917, in consideration that she would marry the defendant on request, he promised and agreed

to marry her within a reasonable time; that plaintiff, relying upon said promise, remained ready, able, and willing to marry defendant upon request; that on about the 12th day of August, 1918, defendant, contrary to the said promise to plaintiff, married a person other than plaintiff, and that by reason of the failure of defendant to perform his said promise to plaintiff she has been damaged in the sum of $15,000. To the said complaint the defendant interposed the demurrer that the same does not state facts sufficient to constitute a cause of action against defendant. From an order overruling said demurrer defendant appeals.

[1] Appellant attacks this complaint on two grounds: (1) That the complaint does not show a mutual promise; (2) that no demand of performance is alleged. The language of the complaint, "In consideration that plaintiff would marry defendant on request, the defendant promised and agreed to marry plaintiff," clearly signifies that plaintiff affirmatively assented to and accepted the said promise of defendant. The consideration for defendant's promise being that plaintiff "would marry" him inherently implies mutual consent, mutual agreement. It is not necessary in a pleading that such mutual agreement be alleged in any particular form or words. The complaint in question is in the exact language of the form found on page 450, vol. 1, Winslow's Forms, Form No. 1191.

[2] The allegation that defendant has married another person relieved the plaintiff from alleging in her complaint a request or demand on her part that defendant perform said promise. The defendant having made it impossible for him to perform said promise, such a demand or request on the part of plaintiff would have been futile and of no avail. 9 C. J. 345.

Findng no error in the record, the order appealed from is affirmed.